

# IN THE UNITES STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ARTHUR ROBINSON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITES STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | Case No. 03 C 8696 (03 CR 907-1)<br><br>Judge Ronald A. Guzmán |

## MEMORANDUM OPINION AND ORDER

Before the Court is Arthur Robinson's motion to have his sentence vacated, set aside or corrected pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the motion is denied.

## Background

On November 27, 2001, a grand jury returned a four-count indictment against Robinson and co-defendant Jermaine Weeden for knowingly and intentionally possessing with intent to distribute quantities of mixtures containing cocaine base ("crack") in violation of 21 U.S.C. § 841(a)(1). (Indictment.) In total, the four-count indictment alleges that Robinson possessed 52.89 grams of crack. (*Id.*)

On April 18, 2002, Robinson entered into a plea agreement with the Government in which he pleaded guilty solely to count four, which charged him with possessing with intent to distribute approximately 10.8 grams of crack. (*Id.*; Plea Agreement at 2-4.) Though Robinson did not plead guilty to the three other counts, he admitted the facts establishing his guilt of those charges as relevant conduct for the purpose of computing his sentence under the Sentencing

Guidelines. (Plea Agreement at 4.)

Consistent with the evidence and his admissions in the plea agreement, Robinson and the Government agreed to a base offense level ("BOL") of 32 because the total amount of crack for which he was responsible was greater than 50 but less than 150 grams. (*Id.* at 7.) The parties also agreed to adjust the BOL based on a variety of factors, including Robinson's status as a career offender. (*Id.* at 7-10.) Ultimately, his adjusted base offense level ("ABOL") was determined to be 34 and his criminal history category was set at IV. (*Id.* at 7-8, 10.)

The plea agreement also contained: (1) Robinson's waiver of most of his appeal rights[1] (*id.* at 13-14); (2) the Government's promise to recommend that the Court impose a sentence at the low end of the applicable guideline range or the mandatory minimum of 240 months, whichever was higher (*id.*); and (3) Robinson's acknowledgment that he had read, understood and voluntarily accepted all of the terms of the agreement (*id.* at 16).

On October 21, 2002, Robinson was sentenced by this Court to a term of imprisonment of 262 months, a term of supervised release of five years and a statutory assessment of $100.00. (10/21/02 Sentencing Order.)

## Discussion

Robinson is entitled to section 2255 relief if his "sentence was imposed in violation of the Constitution or laws of the United States, . . . the court was without jurisdiction to impose [it], . . . the sentence was in excess of the maximum authorized by law, or [it] is otherwise subject to collateral attack." 28 U.S.C. § 2255. Robinson contends that his sentence is

---

[1]The agreement preserves Robinson's right to challenge the voluntariness of the plea agreement and the effectiveness of his counsel in relation to it. (Plea Agreement at 14.)

2

unconstitutional because it was imposed in violation of his Sixth Amendment right to effective counsel.

To prevail on his ineffective assistance of counsel claims, Robinson must satisfy the two-part test set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). To do so, he must prove both that (1) his counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* at 688, 694-95. To satisfy the performance element, Robinson must specifically identify the acts or omissions that form the basis for his claim. *Id.* at 690. To satisfy the prejudice element, Robinson must show that he was actually prejudiced by his lawyer's errors. *Id.* at 692-94. In the context of this case, that means he must establish that "there was a reasonable probability that, but for his counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Arango-Alvarez v. United States*, 134 F.3d 888, 892 (7th Cir. 1998).

Robinson claims that his counsel was ineffective because he (1) negotiated a plea agreement without having adequately investigated the case; (2) agreed to inapplicable relevant conduct; (3) agreed to a "statutory sentencing that was not charged in the indictment"; (4) failed to object to the enhanced sentence that was ultimately imposed; and (5) agreed to waive his right to appeal.[2] We will address each claim in turn.

Robinson's first claim is that his counsel recommended he take the plea without having conducted an adequate investigation of his case. In Robinson's view, appropriate legal research would have revealed that the Government cannot seek an enhanced sentence for a conviction

---

[2]Robinson also faults his counsel for failing to file a timely notice of appeal, a variant of his waiver of appeal claim.

3

under 21 U.S.C. § 841(a). In fact, Robinson says, the Government conceded as much in its oral argument before the Supreme Court in *Edwards v. United States*, 523 U.S. 511 (1998).

Robinson is mistaken. The issue in *Edwards* was whether a judge, rather than a jury, could properly determine for sentencing the kind of drugs involved in a drug conspiracy. *See id.* at 513-14. During the oral argument of that case, the Government did not mention enhanced sentences for drug convictions, let alone concede that they are unavailable. *See Edwards v. United States*, No. 96-8732, 1998 WL 83179, at *26-51 (U.S. Feb. 28, 1998) (Oral Argument). In reality, the statutes pursuant to which Robinson was sentenced explicitly authorize enhanced sentences for drug crimes committed by defendants with prior felony drug convictions. *See* 21 U.S.C. §§ 841, 851; *see also United States v. Jackson*, 121 F.3d 316, 319 (7th Cir. 1997) (stating that 21 U.S.C. § 851 "applies when the government seeks to enhance the penalty for a Title 21 offense under the recidivist provisions of the underlying offense"). Because Robinson's lawyer had no basis for arguing that his sentence could not be enhanced, he was not ineffective for failing to do so.

Robinson also contends that his lawyer did not understand the scope of relevant conduct in this case. Had his lawyer done his job, Robinson says, he would have found *United States v. DeCicco*, 899 F.2d 1531 (7th Cir. 1990), a case that severely limits the scope of relevant conduct in cases involving confidential informants ("CIs").

Once again, Robinson is mistaken. The issue in *DeCicco* was the proper interpretation of the term "organizer" as used in the Sentencing Guidelines, not the scope of relevant conduct. *See id.* at 1535-36. Because neither *DeCicco*, nor any other case of which the Court is aware, defines relevant conduct differently for offenses involving CIs, Robinson's lawyer had no reason to argue otherwise.

4

Robinson's lawyer also had no basis for arguing that the facts pertaining to the first three counts of the indictment were not relevant conduct within the meaning of the Guidelines. The Guidelines define relevant conduct as "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant" and "all reasonably foreseeable acts and omissions of others in furtherance of [a] jointly undertaken criminal activity." U.S. SENTENCING GUIDELINES MANUAL, § 1B1.3 (2002). The facts Robinson admitted in the plea agreement, that: he and co-defendant Weeden were members of the Black Disciples street gang; he was Weeden's superior in the gang; he controlled the drug sales in the area of 55th and Indiana Streets for the gang; on two occasions he arranged for the CI to purchase crack from Weeden and on a third occasion he arranged for the CI to purchase crack from "T," fall squarely within the definition of relevant conduct. Thus, counsel's failure to argue that those facts did not constitute relevant conduct was entirely reasonable.

Robinson next argues that his lawyer should not have agreed to "a statutory sentencing that was never charged" in the indictment. (Mot. at 5.) Because he pleaded guilty only to count four, which charged him with illegal possession of less than fifty grams of crack, Robinson says the statutory minimum he should have faced was ten years, not twenty as the plea agreement states. See 21 U.S.C. § 841(b) (setting minimum sentence of ten years for possession of less than fifty grams of crack by drug felon and twenty years for possession of more than fifty grams of crack by drug felon); (Plea Agreement at 11).

This time Robinson is correct. In pertinent part, the plea agreement states: "Defendant understands the charge to which he will plead guilty, and the stipulated relevant conduct, carries a mandatory minimum term of imprisonment of not less than 20 years and a maximum term of life imprisonment." (Plea Agreement at 11.) Relevant conduct, however, is considered in

5

determining the BOL under the Guidelines, not in determining the mandatory minimum under 21 U.S.C. § 841(b):

> Unlike the Guidelines, which require a sentencing court to consider similar conduct in setting a sentence, the statutory mandatory minimum sentences of 21 U.S.C. § 841(b)(1) apply only to the conduct which actually resulted in a conviction under that statute.

*United States v. Darmand*, 3 F.3d 1578, 1581 (2d Cir. 1993). The only offense to which Robinson pleaded guilty, possessing with the intent to distribute 10.8 grams of crack, carries a mandatory minimum sentence of ten years. *See* 21 U.S.C. § 841(b). Thus, the mandatory minimum sentence set forth in the plea agreement is incorrect. As a result, the Government, according to the terms of the plea agreement, should have recommended that the Court impose a 210-month prison sentence, because 210 months was the low end of the sentencing guideline range, but was higher than the 120-month statutory minimum, rather than the 240 month sentence it actually did recommend. (*See* Plea Agreement at 13-14 (setting forth Government's promise to recommend a sentence at the low end of the applicable guideline range or the mandatory minimum, whichever was higher).)

Even if Robinson's counsel should have corrected those errors, his failure to do so would merit section 2255 relief only if, in their absence, Robinson would have opted for a trial. *Arango-Alvarez*, 134 F.3d at 892. Robinson does not say that his decision to plead hinged on the sentence information and there is no reason to believe that it did. If Robinson had not taken the plea, he would have been tried on all four counts of the indictment, which, given the drug quantities alleged and his criminal history, could have resulted in a mandatory life sentence. *See* 21 U.S.C. § 841(b). Given the harsh sentence to which a trial would have exposed him, it is unreasonable to infer that Robinson would have rejected the plea had the sentencing information

6

on count four been correct.

Robinson's next claim is that his counsel should have objected to the sentence that was ultimately imposed on him. In Robinson's view, an effective lawyer would have negotiated a plea that treated count four as Robinson's first and only criminal activity. Robinson does not, however, dispute that: an offender's criminal history and relevant conduct must be considered in determining a sentence under the Guidelines; he had multiple prior convictions, which placed him in criminal history category IV and made him a "career offender"; and, in total, he was charged with possessing with the intent to distribute in excess of fifty grams of crack. Thus, Robinson's lawyer had no basis for arguing that the plea agreement should ignore his client's criminal history and related conduct.

Robinson's last claim builds on all the others. Because the plea agreement was defective in so many respects, Robinson says, his lawyer should not have agreed to a waiver of appeal. As set forth above, however, there was only one error in the plea agreement and that error was harmless. Consequently, Robinson had no basis for appeal that his lawyer should have preserved.

Contrary to Robinson's belief, given the law and the facts of the case, his counsel's decision to recommend the plea agreement was quite reasonable. Though the agreement waived most of his appeal rights, it also reduced Robinson's sentencing exposure from a minimum of life in prison to a minimum of twenty years, decreased his offense level from 37 to 34 for acceptance of personal responsibility and cooperation, and contained the government's promise to recommend a sentence at the low end of the applicable Guideline range. As a result, the sentence Robinson ultimately received, 262 months in prison, was far less than he would have received had he gambled on a trial and lost. Because Robinson has not demonstrated that his

counsel performed unreasonably and that he was prejudiced as a result, he is not entitled to relief under section 2255.

## Conclusion

For all of the reasons set forth above, the Court denies Robinson's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 [doc. no. 1]. This case is hereby terminated.

**SO ORDERED.**  ENTERED: 5/4/05

**Ronald A. Guzman**
**Unites States District Judge**